```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

```
CATRINA SMALLWOOD,                :

     Petitioner,                  :

v.                                :
                                        CIVIL ACTION 09-0273-CG-M
CYNTHIA S. WHEELER-WHITE,         :

     Respondent.                  :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that the habeas petition be denied and that this action be dismissed.

Petitioner was convicted of distribution of a controlled substance in the Circuit Court of Mobile County on August 21, 2008 for which she received a sentence of ten years in the state penitentiary (Doc. 6, p. 2; *cf.* Doc. 13, pp. 1-2).  Smallwood filed no appeal (Doc. 6, p. 3; Doc. 13, p. 2).  Petitioner filed a complaint with the U.S. District Court for the Middle District of Alabama on April 13, 2009 (Doc. 1, p. 19); that Court transferred the action to this Court (Doc. 1, pp. 19-22).  At the

direction of this Court, Smallwood filed another Complaint, this one on this Court's form (Doc. 5), which raised the following claims:  (1) she is entitled to relief under the bail reform act; (2) the prison is overcrowded; and (3) she has not received credit for time she spent on bond prior to trial (Doc. 6; *cf.* Doc. 13, p. 2).

The Court notes initially that Smallwood has not asserted any Constitutional grounds for bringing this action (*see* Doc. 6). The failure to raise a Constitutional claim fails to satisfy the requirements of the habeas statute.  28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States").  The Court finds that none of these three claims are cognizable in a § 2254 proceeding.  For that reason, this action should be denied.

Respondent has also asserted that these claims, to the extent that they are cognizable, have not been exhausted in the State Courts (Doc. 13).  Petitioner's complaint would seem to confirm that assertion (*see* Doc. 6, pp. 7-8).  The U.S. Supreme Court held, in *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999), that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  This petition should be denied under *O'Sullivan*.

Smallwood has raised three different claims in bringing this action.  None of those claims have been exhausted in the State Courts; likewise, none of them are appropriately brought in a § 2254 action.  Therefore, it is recommended that this petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Cynthia S. Wheeler-White and against Petitioner Catrina Smallwood.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred

      to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

      DONE this 17th day of September, 2009.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE